IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Gerholt,                                     :
              Appellant          :
                                 :
            v.                 :  No. 375 C.D. 2021
                                 :  Submitted: September 3, 2021
John Wetzel, Jamie Soben,                         :
Gina Orlando, Chris Steffenino, and               :
and David Thomas                                  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE LEAVITT[1]                        FILED: January 5, 2022

        John Gerholt, an inmate at the State Correctional Institution (SCI) at Phoenix, appeals *pro se* an order of the Court of Common Pleas of Montgomery County (trial court) granting a motion to stay discovery filed by John Wetzel, Secretary of Corrections and Department of Corrections employees Jamie Soben, Gina Orlando, Chris Steffenino and David Thomas (collectively, Department Officials). The stay was granted pending a decision on Department Officials' preliminary objections to Gerholt's complaint. Asserting that the trial court's order was not a final and appealable order, Department Officials have filed a motion to quash Gerholt's appeal. We agree and quash the appeal.

        On October 21, 2020, Gerholt filed a complaint in the trial court against Department Officials for damages arising from an injury Gerholt sustained to his left hand on January 30, 2020, as he was walking to his housing unit. Gerholt was

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

provided medical treatment, which caused him "unnecessary pain and suffering." Original Record, Complaint ¶14, at 6. The complaint asserted, *inter alia*, that Department Officials violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, U.S. CONST. amends. VIII, XIV.

On December 7, 2020, Department Officials filed preliminary objections to the complaint and argued, *inter alia*, that the action was barred by the doctrines of *res judicata* and collateral estoppel. On January 22, 2021, Department Officials filed a motion to stay discovery pending disposition of the preliminary objections. By order of February 1, 2021, the trial court granted the motion to stay discovery.

Gerholt filed an objection to the trial court's order on February 17, 2021, and a notice of appeal to this Court on March 23, 2021. In its PA. R.A.P. 1925(a) opinion, the trial court opined that its February 1, 2021, order was neither a final appealable order within the meaning of Pennsylvania Rule of Appellate Procedure 341(a) nor an interlocutory order appealable as of right pursuant to Rule 311.

Pennsylvania Rule of Appellate Procedure 341, in pertinent part, states that "an appeal may be taken as of right from any final order of a government unit or trial court" that "disposes of all claims and of all parties" or "is entered as a final order" by a trial court pursuant to Rule 341(c).[2] PA. R.A.P. 341(a), (b). The purpose

---

[2] Pennsylvania Rule of Appellate Procedure 341(c) states in pertinent part as follows:

> (c) Determination of finality.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of

of limiting appellate review to final orders is to prevent piecemeal determinations and the consequent protraction of litigation. *In re: First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (quotations omitted).

Here, the trial court's order of February 1, 2021, stayed discovery pending a decision on Department Officials' preliminary objections and did not dispose of all claims. It was not a final order under Rule 341(c). PA. R.A.P. 341(c). As such, the order is interlocutory.

Further, the trial court's interlocutory order is neither appealable as of right under PA. R.A.P. 311 nor as a collateral order under PA. R.A.P. 313. To constitute a collateral order, "[] the order must be separable from, and collateral to, the main cause of action; [] the right involved must be too important to be denied review; and [] the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost." *Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011). All three prongs must be satisfied before an order may be subject to a collateral appeal. *Id.* In his brief, Gerholt asserted that the trial court entered an order on June 14, 2021, overruling Department Officials' preliminary objections; nevertheless, the trial court "did not relax the stay upon [the] discovery order." Gerholt Brief at 6. What happened after the entry of the stay is irrelevant. The only question before this Court is whether the stay pending disposition of the preliminary objections is a final order.

---

decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

PA. R.A.P. 341(c).

Concluding that the trial court's February 1, 2021, order was not a final order appealable under the Pennsylvania Rules of Appellate Procedure, we quash Gerholt's appeal as interlocutory.[3]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[3] Under the prisoner mailbox rule, a *pro se* appeal by a prisoner is considered filed on the date of delivery of the appeal to prison authorities or placement of the appeal in the institution's mailbox. *Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278 (Pa. 1996). Gerholt's notice of appeal was dated February 16, 2021, but it is unclear when the notice of appeal was delivered to the prison authorities. On March 2, 2021, the trial court rejected Gerholt's notice of appeal as not filed on the correct form and directed Gerholt to "resend" the paperwork on the forms provided by the trial court. The refiling was done March 23, 2021. We need not decide whether Gerholt's refiled appeal was timely because the underlying order is interlocutory and not appealable.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Gerholt, : 
          Appellant : 
           : 
          v. :   No. 375 C.D. 2021
           : 
John Wetzel, Jamie Soben, : 
Gina Orlando, Chris Steffenino, and : 
and David Thomas : 

# **O R D E R**

AND NOW, this 5th day of January, 2022, John Gerholt's appeal of the order of the Court of Common Pleas of Montgomery County, dated February 1, 2021, in the above-captioned matter, is QUASHED.

_____
MARY HANNAH LEAVITT, President Judge Emerita